UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OCTAVIUS DAVIS,

    Plaintiff,

vs.   CASE NO.

DENISE STADLER, JENNIFER GEST,
KACY KANG, ROBERT SWEET,
TIMOTHY O'BRIEN, KEVIN CARLIN,
and MERIDIAN SENIOR LIVING,
LLC,

    Defendants.

## DEFENDANTS' NOTICE OF AND PETITION FOR REMOVAL

Defendants, DENISE STADLER, JENNIFER GEST, KACY KANG, ROBERT SWEET, TIMOTHY O'BRIEN, KEVIN CARLIN and MERIDIAN SENIOR LIVING, LLC ("Meridian") (collectively "Defendants"), by and through their undersigned counsel and in accordance with the Federal Rules of Civil Procedure and Title 28 United States Code ("U.S.C.") §§1332, 1441, and 1446, hereby file this Notice of and Petition for Removal of this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division. The removal of this action is based upon the following:

### BACKGROUND

1.    On or about October 31, 2019, Plaintiff, Octavius Davis ("Plaintiff"), filed the instant action in the Circuit Court of the Eighteenth Judicial Circuit in and for

Seminole County, Florida, which was captioned "*Octavius Davis v. Denise Stadler, Jennifer Gest, Kacy Kang, Robert Sweet, Timothy O'Brien, Kevin Carlin, and Meridian Senior Living, LLC*" and assigned case number: 2019-CA-003318 (the "Circuit Court Case"). *A copy of the Complaint filed by Plaintiff is attached hereto in composite Exhibit "A."* In his Complaint, Plaintiff seeks relief for alleged (1) civil conspiracy; (2) defamation per se; (3) slander per se; and (4) libel per se. *See* Exhibit "A" at Compl.

2. Defendants were served with the Complaint and summons on or about December 3, 2019. Copies of all process, pleadings and other papers on file with the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida are attached hereto in composite Exhibit "A" as required by 28 U.S.C. § 1446(a).

3. This action satisfies the requirements of diversity jurisdiction provided in 28 U.S.C. § 1332(a) because, as established herein, there is complete diversity amongst the parties, and the amount in controversy exceeds $75,000.

4. This Notice of and Petition for Removal has been filed within 30 days of receipt by Defendant of a copy of the Complaint in the Circuit Court Case. Thus, this Notice of and Petition for Removal is timely filed pursuant to §28 U.S.C. § 1446(b).

5. The United States District Court for the Middle District of Florida, Orlando Division, encompasses the judicial district in which Plaintiff filed his Complaint. Therefore, removal is proper pursuant to 28 U.S.C. § 1446(a).

6. Pursuant to 28 U.S.C. § 1446 (d), Defendant will promptly provide written notice of the removal to all parties in this action, and will file a copy of this Notice of

and Petition for Removal in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida.

### REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between 'citizens of different states.'" As established below, there is complete diversity of citizenship between the parties, and the amount in controversy far exceeds the threshold amount of $75,000.

### A. Complete Diversity of Citizenship Exists Between the Parties.

#### a. Plaintiff is a Citizen of the State of Arizona

An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *Brooks v. Sears, Roebuck & Co.*, 2018 U.S. Dist. LEXIS 124390, *10 (M.D. Fla. 2018) (quoting *McCormick*, 293 F.3d at 1257-58). *Jakobot v. Am. Airlines, Inc.*, 2011 U.S. Dist. LEXIS 64824, *5 (S.D. Fla. June 20, 2011). While there is a presumption that the state in which a person resides is that person's domicile, for purposes of diversity jurisdiction, domicile is determined by residence and intent to remain. *Grant v. Pottinger-Gibson*, 2017 U.S. Dist. LEXIS 111695, *6-7 (S.D. Fla. July 17, 2017); *Jakobot*, 2011 U.S. Dist. LEXIS 64824, at *5. As such, courts consider a party's residence as part of the "totality of the evidence" to supplement a residence allegation. *Id.* at *6-7.

While Plaintiff does not allege his citizenship in the Complaint, he recently attested in other pleadings filed with this Court in a related proceeding, *Octavius Davis v.*

*Denise Stadler et al.*, Case No. 6:18-cv-01827-RBD-GJK, that he is a citizen of the state of Arizona.[1] *See* Case No. 6:18-cv-01827-RBD-GJK, Dkt. No. 55, p. 4 ("Octavius Davis is a citizen of Arizona"), which is attached as Exhibit "B"; *see also id.,* Dkt. No. 69, p. 2 ("As for Petitioner's citizenship, the court finds that his written statement and submission of records sufficiently establish that he is domiciled in Arizona"), which is attached as Exhibit "C."[2] Beyond this admission of citizenship, Plaintiff has shown through a totality of evidence that he is domiciled in, and intends to remain a citizen of, the state of Arizona. For example, the documentation that Plaintiff submitted to the court in the above-referenced related proceeding shows that Plaintiff has an Arizona Driver's License that does not expire until July 23, 2044 and that Plaintiff lives in an apartment in Phoenix, Arizona. *Id.*, Dkt. 55-1, p. 20-21, attached as Exhibit "D." Defendant has no information to suggest that Plaintiff does not intend to remain in the state of Arizona.

Accordingly, Defendants respectfully suggest that they have carried their burden of showing that Plaintiff is, and has been at all relevant times, a citizen of the state of Arizona for the purposes of removal. Since Defendants are not citizens of the state of Arizona, removal is proper upon such a showing, and in the absence of any countervailing factors. *See Grant*, 2017 U.S. Dist. LEXIS 111695, at *7 (finding that a minimal showing of domicile and citizenship support a finding that diversity exists and that removal is proper).

---

[1] Plaintiff's prior proceeding against Defendants in the case captioned, *Octavius Davis v. Denise Stadler et. al,* Case No. 6:18-cv-01827-RBD-GJK, was dismissed for lack of subject matter jurisdiction because Plaintiff had named as a Defendant, Holiday AL Management Sub LLC et al. ("Holiday"), which was a non-diverse Defendant. Holiday is not named in the present Complaint.

[2] The court may take judicial notice of the public record including documents filed and the record in other judicial proceedings. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in [the plaintiff]'s first case . . . ."); *Minh Le v. Mortgage*, No. 3:14-cv-785-J-34MCR, 2015 U.S. Dist. LEXIS 183712, at *7-8 (M.D. Fla. Jan. 12, 2015) ("[A] court may take judicial notice of public records….").

b. **None of the Defendants are Citizens of the State of Arizona**

   i. **Denise Stadler is a Citizen of the State of Florida**

Defendant Stadler resides in the state of Florida and intends to continue residing in the state of Florida. *See* Declaration of Denise Stadler ("Stadler Decl.") ¶ 1, which is attached as Exhibit "E." In addition, Defendant Stadler is employed in the state of Florida, has a driver's license issued by the state of Florida, has a car registered in the state of Florida, has a bank account in the state of Florida and is registered to vote in the state of Florida. Stadler Decl. ¶¶ 2-6. For all of these reasons, Defendant Stadler is a citizen of the state of Florida.

   ii. **Jennifer Gest is a Citizen of the State of Florida**

Defendant Gest resides in the state of Florida and intends to continue residing in the state of Florida. *See* Declaration of Jennifer Gest ("Gest Decl.") ¶ 1, which is attached as Exhibit "F." In addition, Defendant Gest is employed in the state of Florida, has a driver's license issued by the state of Florida, has a car registered in the state of Florida, has a bank account in the state of Florida and is registered to vote in the state of Florida. Gest Decl. ¶¶ 2-6. For all of these reasons, Defendant Gest is a citizen of the state of Florida.

   iii. **Kacy Kang is a Citizen of the State of North Carolina**

Defendant Kang resides in the state of North Carolina and intends to continue residing in the state of North Carolina. *See* Declaration of Kacy Kang ("Kang Decl.") ¶ 1, which is attached as Exhibit "G." In addition, Defendant Kang is employed in the state of

North Carolina, has a driver's license issued by the state of North Carolina, has a car registered in the state of North Carolina, has a bank account in the state of North Carolina and is registered to vote in the state of North Carolina. Kang Decl. ¶¶ 2-6. For all of these reasons, Defendant Kang is a citizen of the state of North Carolina.

### iv. Robert Sweet is a Citizen of the State of Maryland

Defendant Sweet resides in the state of Maryland and intends to continue residing in the state of Maryland. *See* Declaration of Robert Sweet ("Sweet Decl.") ¶ 1, which is attached as Exhibit "H." In addition, Defendant Sweet is employed in the state of Maryland, has a driver's license issued by the state of Maryland, has a car registered in the state of Maryland, has a bank account in the state of Maryland and is registered to vote in the state of Maryland. Sweet Decl. ¶¶ 2-6. For all of these reasons, Defendant Sweet is a citizen of the state of Maryland.

### v. Timothy O'Brien is a Citizen of the State of Maryland

Defendant O'Brien resides in the state of Maryland and intends to continue residing in the state of Maryland. *See* Declaration of Timothy O'Brien ("O'Brien Decl.") ¶ 1, which is attached as Exhibit "I." In addition, Defendant O'Brien is employed in the state of Maryland, has a driver's license issued by the state of Maryland, has a car registered in the state of Maryland, has a bank account in the state of Maryland and is registered to vote in the state of Maryland. O'Brien Decl. ¶¶ 2-6. For all of these reasons, Defendant O'Brien is a citizen of the state of Maryland.

### vi. Kevin Carlin is a Citizen of the State of Washington

Defendant Carlin resides in the state of Washington and intends to continue residing in the state of Washington. *See* Declaration of Kevin Carlin ("Carlin Decl.") ¶ 1, which is attached as Exhibit "J." In addition, Defendant Carlin is employed in the state of Washington, has a driver's license issued by the state of Washington, has a car registered in the state of Washington, has a bank account in the state of Washington and is registered to vote in the state of Washington. Carlin Decl. ¶¶ 2-6. For all of these reasons, Defendant Carlin is a citizen of the state of Washington.

### vii. Meridian is a Citizen of the State of Maryland, North Carolina and Washington

For purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). A limited partnership is also a citizen of any state of which a member of the partnership is a citizen. *Id.* Here, Defendant Meridian, which is a limited liability company, has the following members: Kacy Kang, Kevin Carlin and Meristar Holdings, L.P. ("Meristar"). *See* Declaration of Theresa Partlow ("Partlow Decl.") ¶ 2, which is attached as Exhibit "K." MeriStar, which is a limited partnership, has two limited partners – Timothy O'Brien and Robert Sweet. *Id.* at ¶ 3. MeriStar's general partner is MeriStar Holdings, LLC. *Id.* at ¶ 3. MeriStar Holdings, LLC, which is a limited liability company, has two members – O'Brien and Sweet. *Id.* at ¶ 4. MeriStar Holdings, LLC, has no other members. *Id.* Consequently, the citizenship of Meridian turns on the citizenship of Kacy Kang, Kevin Carlin, Timothy O'Brien and Robert Sweet. As established above, Defendant Kang is a citizen of the state of

North Carolina; Defendant Carlin is a citizen of the state of Washington; and Defendants O'Brien and Sweet are citizens of the state of Maryland. *See* Exhibits G - J. As such, Defendant Meridian is a citizen of the state of Maryland, North Carolina and Washington.

Accordingly, since none of the individual defendants nor Meridian nor its members are citizens of the state of Arizona like Plaintiff, Defendants have satisfied their burden of showing that there is complete diversity of citizenship amongst the parties.

### B. The Amount in Controversy Exceeds $75,000.[3]

Plaintiff alleges in his Complaint that, with respect to his civil conspiracy, defamation *per se*, slander *per se* and libel *per se* claims, he is seeking "damages in the amount of $2 million plus court cost and interest" for each claim. *See* Exhibit "A," Compl. at pgs. 6, 7, 8, 10. In total, Plaintiff seeks damages in the amount of $8,000,000, plus court costs and interest. *See* Exhibit "A,", Compl. at p. 11 ("plaintiff prays for judgement for general damages, nominal damages, punitive damages [sic] emotional distress, psychological distress, pain and suffering, Psysiological [sic] distress, extreme damage of reputation, stress on marriage, and financial stress and time spent, acting as my own attorney in the amount of $8 million plus court cost and interest."). Given that Plaintiff has pled damages in excess of $8,000,000, the amount in controversy far exceeds the threshold amount of $75,000.

---

[3] The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not in excess of the jurisdictional limit at issue. By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

## CONCLUSION

Plaintiff is a citizen of the State of Arizona, Defendant Meridian is a citizen of the state of Maryland, North Carolina and Washington, Defendants Stadler and Gest and citizens of the state of Florida, Defendant Kang is a is a citizen of the state of North Carolina, Defendants Sweet and O'Brien are citizens of the state of Maryland, and Defendant Carlin is a citizen of the state of Washington. As such, there is complete diversity amongst the parties. Moreover, based on Plaintiff's allegation that he is seeking in excess of $8,000,000 in damages, the amount in controversy in this matter is in excess of $75,000.

WHEREFORE, Defendants, DENISE STADLER, JENNIFER GEST, KACY KANG, ROBERT SWEET, TIMOTHY O'BRIEN, KEVIN CARLIN and MERIDIAN SENIOR LIVING, LLC, respectfully remove this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 23rd day of December, 2019.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441

By: *Alicia M. Chiu*
Alicia M. Chiu
Florida Bar No. 0058366
alicia.chiu@jacksonlewis.com

Amy G. Fudenberg
Florida Bar No. 1011312
amy.fudenberg@jacksonlewis.com

Attorneys for Defendants DENISE STADLER, JENNIFER GEST, KACY KANG, ROBERT SWEET, TIMOTHY O'BRIEN, KEVIN CARLIN and MERIDIAN SENIOR LIVING, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23trd day of December, 2019, the foregoing was furnished by U.S. Mail to Octavius Davis, P.O. Box 608871, Orlando, Fl 32860.

*Alicia M. Chiu*
Alicia M. Chiu

4832-1048-1838, v. 1