1  Octavius Davis
   P.O. Box 608871
2  Orlando, Florida 32860
   480 209 0157
3

4  SEMINOLE COUNTY COURT IN AND FOR THE EIGHTEETH JUDICIAL
                            CIRCUIT
5

6                              )  Case No. 2019-CA-3318-16T-K
   Octavius Davis              )
7                              )
            Plaintiff,         )
8                              )  [I.CIVIL CONSPIRACY II.
   -vs-                        )  DEFAMATION III.SLANDER IV.
9                              )  LIBEL
   (1)Denise Stadler,(2)Jennifer )
10                             )
   Gest,  (3)Kacy Kang,(4)Robert )
11                             )
   Sweet,(5) Timothy O'Brien,(6) )        COMPLAINT
12                             )
   Kevin Carlin, and (7) Meridian )  JURY TRIAL DEMANDED
13                             )
   Senior Living LLC et al,.    )  [Fla. Stat. 48.193 (a)(b)]
14                             )
            Defendants,        )
15  _____)

16  **Background:**

17

18

19      On November 1st, 2018 Plaintiff Octavius Davis filed

20  a district court petition against current defendants.

    Plaintiff sited subject matter 28 U.S.C. 1332
21
    (Diversity Jurisdiction) however the petitioner was
22
    unaware of the fact that the entity defendant at the
23
    time was an off shore shell company, and the Honorable
24
    Judge Roy Dalton Jr. Ordered that diversity would rest
25

                        [Pleading title summary] - 1

1  on the domicile of all K1 investors. The defense having

2  their backs against the wall, under the imposition of

3  possible sanctions, one K1 investor out of seventy

4  investors, just so happened to reside in the same state

5  as the plaintiff. Based on this technicality the Middle

6  District Court did not have jurisdiction over the

7  plaintiff's claims since the statute of limitation is

8  not up yet; plaintiff will resume this civil action in

9  state court. **_Reference case# 6:18-CV-1827-RBD-GJK_**

10

11 **Statement of the claim:**

12

13     On October 27th, 2017 plaintiff Octavius Davis

14 worked as a resident assistant at the Renaissance

15 Retirement Center currently managed by Meridian Senior

16 Living LLC located at 300 West Airport Blvd. Sanford

17 Florida 32773. At this place, plaintiff worked the

18 night shift from 11pm-7am during this time Anthony

19 Campbell was the nightshift supervisor running shift.

20 While on shift, the plaintiff needed help assisting a

21 resident since Campbell was watching the Houston

22 Rockets vs. Sacramento Kings basketball game; he was

23 angered for being disturb which led to a verbal

24 confrontation then Campbell sent plaintiff Davis home

25 for insubordination. The next day, October 28th

defendant **(1)** Stadler, **(2)** Gest, and **(7)** Meridian
Senior Living LLC colluded to destroy the plaintiff's
character with false accusation not proven based on
falsehoods then plaintiff was wrongfully terminated.
During the month of September 2018, plaintiff Octavius
Davis discovered he was defamed by defendants via a
false public police report. Rather than just fire the
plaintiff for insubordination; defendants chose to
collude to defame, slander, and libel referencing
"Davis" instead. Now we have a problem, this false,
gross and unproven tortious act commands petitioner to
engage in an all out *civilized assault*…

**Jurisdiction:**

  This Honorable Seminole County Court has jurisdiction
over these claims because the torts committed by
defendants took place in Seminole county at Renaissance
Retirement Center address 300 West Airport Boulevard
Sanford, Florida 32773. This Honorable Court has
jurisdiction over Meridian Senior Living LLC via the
**Florida Long-Arm Statute subsection (a) see exhibit 3**.
This honorable court has jurisdiction *In Personam* via
the **Florida Long-Arm Statute subsection (b)** and
Meridian Senior Living LLC currently manages and

1  governs the Renaissance Retirement Center in addition
2  all defendants are agents or were agents of Meridian
3  Senior Living LLC at the time of the torts.

4
5  **Statute of Limitation:**

6
7      Count 1 Civil conspiracy is not a claim that stands
8  alone unless it has an underlying tort in this case the
9  tort is defamation with a limitation of 2 years to the
10 day which includes slander and libel forms of
11 defamation therefore conspiracy should have a 2 year
12 statute of limitation in this case. ***The plaintiff***
13 ***discovered the defamation September 2018 that's when***
14 ***the clock starts however plaintiff cannot prove this***
15 ***fact, so the clock should start the date of the false***
16 ***police report 10/31/2017 (exhibit 1)***

17
18
19                    COUNT 1 CIVIL CONSPIRACY
20
21      On October 28, 2017 at approximately 2pm Plaintiff
22 Davis and defendant **(1)** Stadler **(2)**Gest, and **(7)**
23 Meridian Senior living LLC with Members of leadership
24 colluded to publicly defame plaintiff's character
25 unlawfully sullying Davis' good name to the department

[Pleading title summary] – 4

of children and Adult Protective Services. Defendants
**1-7** colluded to make the falsehoods that plaintiff
"Davis" enter the women's restroom, made sexual comment
to an associate, put finger in resident's rectum,
violated a resident's rights, cursed out supervisor,
was insubordinate, neglect residents, all this
underlying defamation would mislead investigators to
sanction plaintiff's CNA license and start a criminal
year long inquiry. **Therefore petitioner shows cause of
action against defendants
(1)Stadler,(2)Gest,(3)Kang,(4)Sweet,(5) O'Brien,
(6)Carlin, and (7) Meridian Senior Living LLC**
For colluding to draft a defamatory report (**see Exhibit
2)** lacking evidence, witnesses, victims, just
unsubstantiated allegations.

Memorandum of law

Wright v. Yurko 446 so.2d 1162 (Fla 5th.DCA 1984).

Walters V. Blankenship,931 so.2d 137,140(Fla.5[th] DCA
2006).

1    Wherefore, plaintiff prays for judgment for
2  general, Nominal, and punitive damages in the amount of
3  $2 million plus court cost and interest.

4
5
6                    COUNT 2 DEFAMATION PER SE
7
8    On approximately September 12th, 2018 plaintiff
9  Davis discovered that defendant (1) Stadler agent of
10 defendant (7) Meridian Senior Living LLC Libeled and
11 slander "Davis" via a false third party police report
12 (**see Exhibit 1**). The report stated the following false
13 statements as fact Octavius Davis sexually battered an
14 elderly client, Octavius Davis Digitally Penetrated
15 "Yandle" resident., Defendant (1) Stadler stated it
16 occurred on 10/13/2017 as fact but slander indeed.
17 (1)Stadler stated that Davis was fire because of this
18 allegation however she didn't confirm whether it was
19 true or not. Defendant (1) Stadler slandered and
20 Libeled plaintiff Davis with "express malice" via a
21 false official public statement as fact unsubstantiated
22 moreover with the intent to mislead a public servant in
23 the performance of his or her official duty. This is a
24 violation of Fla.Stat. 837.06 punishable as provided in
25 Fla. Stat.775.083.

**Therefore petitioner shows cause of action against defendants (1)Stadler,(7) Meridian Senior Living LLC with defendants(3)Kang,(4)Sweet,(5) O'Brien, (6)Carlin, bearing vicarious responsibility for defamation per se**

Memorandum of law

Wolfson v. Kirk 273 so.2d 774(Fla. 4th DCA 1973).

Razer v. Wellington Regional Med. Ctr Inc.,837 So.2d 437 (Fla. 4th DCA 2002).

Wherefore, plaintiff prays for judgment for general, emotional distress, and punitive damages in the amount of $2 million plus court cost and interest.

COUNT III SLANDER PER SE

On October 31, 2017 defendant **(1)** Stadler agents of **(7)**Meridian Senior Living LLC committed the tort of slander see Wendz v.Horowitz, 822 So. 2d 1252,1257 (Fla.2002) Sullying the plaintiffs name to a third party specifically Sanford police and DCF Officials. Although, most would say that these parties are privileged the information is not, if it's false with

"express malice". Defendants had reckless disregard of whether the statement was true or not. Defendants **(1)** and **(7)** slandered via perjury not in an official proceeding with the intent to mislead law enforcement in the performance of his or her official duty which is violation of <u>Fla.Stat.837.012 (1)</u>punishable as provided in <u>Fla.Stat.775.083.</u> Defendants negligently verbalized false statements about "Davis" without Probable Cause. See <u>Seropian v. Forman,</u> 652 so. 2d 490 (Fla. Dist. Ct. App. 4th Dist. 1995). "Davis" was labeled as unbecoming of his duties and the defendants claims of sexual battery made plaintiff out to be a criminal. See <u>Brown v. Tallahassee Democrates; Inc</u>; 440 so. 2d.588 (Fla.Dist.ct. App. 1st Dist 1983).

**Therefore petitioner shows cause of action against defendants (1)Stadler,(7) Meridian Senior Living LLC with defendants(3)Kang,(4)Sweet,(5) O'Brien, (6)Carlin, bearing vicarious responsibility for Slander Per Se**

Wherefore, plaintiff prays for judgment against defendants for general, Phycological distress, and punitive damages in the amount of $2 million plus court cost and interest. *Damages do not have to be found or shown* See <u>Saunder Hardware Five and Ten, Inc. v, Low,</u>

1 | 307 So. 2d 893 (Fla. 3d DCA 1974). See <u>Leavitt v. Cole</u>
2 | 291 F. Supp 2d 1338 (M.D. Fla. 2003).

3

4 | COUNT 4 LIBEL PER SE

5

6 | On October 31, 2017 defendant **(1)** Stadler agent of
7 | **(7)** Meridian Senior Living LLC engaged in a false
8 | police report via written instrument on behalf of a
9 | false victim. The written instrument stated as fact
10 | that "Davis" sexually battered an elderly client. See
11 | **Exhibit 1&2 typed instruments.** This written or typed
12 | report was reckless with total disregard of the truth,
13 | motivated by racism with "express malice" toward the
14 | plaintiff "Davis" a private person. **Exhibit 2** was made
15 | public in the "FED" case without being substantiated
16 | and approved by defendants. Third parties possess these
17 | false documents which are defamatory. Anything printed
18 | should be fact checked first. See <u>Harte Hawks</u>
19 | <u>Communication Inc. v. Connaughton,</u> 491 U.S. 657 109 S.
20 | ct. 2678 105 IL. Ed 2d. 562(1989). This tortious act
21 | has cause plaintiff emotional and Physiological
22 | distress as well as damage to reputation for everyone
23 | who reads these false accusations about plaintiff. See
24 | <u>Myer v. Hodges</u> 53 Fla.197 44. So.357 (1907).

25

**Therefore petitioner shows cause of action against defendants (1)Stadler,(7) Meridian Senior Living LLC with defendants(3)Kang,(4)Sweet,(5) O'Brien, (6)Carlin, bearing vicarious responsibility for Libel Per Se**

Wherefore, plaintiff prays for judgment for general, Physiological, emotional, and psychological distress with punitive damages in the amount $2 million plus court cost and interest.

Notice:

The amount of defamatory statements that were made by defendants cause the Plaintiff to have an unnecessarily expensive and time consuming hearings in Tallahassee for a year just for the result to be confidential result **Exhibit 4.**

**RELIEF:**

**WHEN THE CLAIM IS DEFAMATION PER SE, LIABILITY ITSELF CREATES A CONCLUSIVE LEGAL PRESUMPTION OF LOSS OR DAMAGE AND IS ALONE SUFFICIENT FOR THE JURY TO CONSIDER PUNITIVE DAMAGES… TO SUM UP, FLORIDA UNUSUALLY HIGH PROTECTION OF PERSONAL REPUTATION DERIVES FROM THE**

COMMON CONSENT OF HUMANKIND AND HAS ANCIENT ROOTS. IT IS HIGHLY VALUED BY CIVILIZED PEOPLE. OUR STATE CONSTITUTION AND COMMON LAW POWERFULLY SUPPORT IT. THIS IS A VALUE AS OLD AS THE PENTATEUCH AND THE BOOK OF EXODUS, AND ITS COMMAND AS CLEAR AS THE DECALOGUE: THOU SHALL NOT BEAR FALSE WITNESS AGAINST THY NEIGHBOR." THE PERSONAL INTEREST IN ONE'S OWN GOOD NAME AND REPUTATION SURPASSES ECONOMICS, BUSINESS PRACTICES OR MONEY. IT IS A FUNDAMENTAL PART OF PERSONHOOD, OF INDIVIDUAL STANDING AND ONE'S SENSE OF WORTH. IN SHORT, THE WRONGDOING UNDERLYING THE PUNITIVE DAMAGES IN THIS CASE HAS FLORIDA LAW'S MOST SEVERE CONDEMNATION, ITS HIGHEST BLAMEWORTHINESS, ITS MOST DESERVING CULPABILITY, AND FOR SLANDER PER SE, REPREHENSIBILITY IS AT ITS HIGHEST.

Wherefore, plaintiff prays for judgment for general damages, nominal damages, punitive damages emotional distress, psychological distress, pain and suffering, Physiological distress, extreme damage of reputation, stress on marriage, and financial stress and time spent, acting as my own attorney in the amount of $8 million plus court cost and interest. *Damages do not have to be found or shown* See <u>Saunder Hardware Five and Ten, Inc. v, Low,</u> 307 So. 2d 893 (Fla. 3d DCA 1974).

See <u>Leavitt v. Cole</u> 291 F. Supp 2d 1338 (M.D. Fla. 2003).

   *Job 34:12  For a certainty God does not act wickedly; The Almighty does not pervert justice. "May God be with us all".*


                                        Octavius M.S. Davis

                                               Pro se

10/31/19

P.o. box 608874
Orlando Fl. 32860
480-269-0157

| Region: | CSA: | Grid: | **CJIS REPORT** | For the public: | **No** | Agency Report #: |
|---|---|---|---|---|---|---|
| **S** | **S16** | | **Sanford Police Department** | Juvenile: **No** | | **2017CJ017665** |
| | | | **Public Version** | Domestic Violence: **No** | | Event #: |
| Agency ORI: **FL0590500** | | | | Dating Violence: **No** | | **20173042114** |

| Reported Day/Date: | Time Dispatched: | Time Arrived: | Time Completed: | Date Occurred From: | Date Occurred To: |
|---|---|---|---|---|---|
| **Tue 10/31/2017 15:11** | **10/31/2017 15:11** | **10/31/2017 15:22** | **10/31/2017 16:53** | **Fri 10/13/2017 12:00** | **Tue 10/31/2017 17:07** |

| Subdivision: | Forced Entry: | Occupancy: | Type of Weapon: | Location Type: | Municipality: |
|---|---|---|---|---|---|
| | **N/A** | | | | **SA** |

| Incident Address: | Dispatch Address: |
|---|---|
| **300 W AIRPORT BLVD  SANFORD FL 32773** | **300 W AIRPORT BLVD  SANFORD FL 32773** |

| #Offenses: | #Victims: | #Offenders: | #Prem. Ent: | #Arrested: | Drug Related: | Alcohol Related: | Call Disposition: | Signal Code: | Clearance: |
|---|---|---|---|---|---|---|---|---|---|
| **01** | **00** | **00** | **0** | **00** | | | **Q** | **52IR** | **Inactive** |

## OFFENSES SECTION

| Off# | Description | Statute# | UCR | Ordinance | Attempt/ Commit | Warrant # | DVR | Drug Activity |
|---|---|---|---|---|---|---|---|---|
| 1 | INFORMATION ONLY- CJIS REPORT | 7777777 777 | 9000 | No | C | | No | |

## PERSON SECTION

Name: **DAVIS, OCTAVIUS MICHAEL SCOTT**   R/S: **B/M**   DOB: ▓▓▓   or Age:   Offense Indicator: **1**
Adult/Juvenile: **A**   SSN:   Hgt: **507**   Wgt:   Hair: **BLACK**   Eyes:   DL#: ▓▓▓   DL State: **FL**
                                                                                        **-0**
Person Type: **OTHER/ADULT**   City of Birth:   Place of Birth:
Address: **3067 CRANE STRAND DR  WINTER PARK, FL 32792**
Email:   Phone:
OthPhone1:   OthPhone2:   Cell Phone:
NOK:   NOK:
NOK Address:   NOK Phone:
Emp. Address:   Job:   Bus. Phone:
Comments:

Name: **STADLER, DENISE ANN**   R/S: **W/F**   DOB: ▓▓▓   or Age:   Offense Indicator: **1**
Adult/Juvenile: **A**   SSN:   Hgt: **504**   Wgt:   Hair: **BLONDE**   Eyes:   DL#: ▓▓▓   DL State: **FL**
                                                           **OR**                                **-0**
                                                           **STRAW**
                                                           **BERRY**
Person Type: **REPORTING PER-ADULT**   City of Birth:   Place of Birth:
Address: **300 W AIRPORT BLVD  SANFORD, FL 32773**   Phone: **4073237306**
Email:   Cell Phone:
OthPhone1:   OthPhone2:

*Exhibit 1*

NOK:   NOK:
NOK Address:   NOK Phone:
Emp. Address:   Job:   Bus. Phone:
Comments:

Name: **YANDLE, ADDIE**   R/S: **W/F**   DOB: ▓▓▓   or Age:   Offense Indicator:
Adult/Juvenile: **A**   SSN:   Hgt:   Wgt:   Hair: **WHITE**   Eyes: **BLUE**   DL#:   DL State:
Person Type: **OTHER/ADULT**   City of Birth:   Place of Birth:
Address: **300 W AIRPORT BLVD  SANFORD, FL 32773**   Phone:
Email:
OthPhone1:   OthPhone2:
NOK:   NOK:
NOK Address:   NOK Phone:
Emp. Address:   Job:   Bus. Phone:
Comments:

## LE/BUSINESS SECTION

Name: **Ayala, Ricardo**   Contact: **S1713 - Sanford Police Departm**
Offense Indicator:   Other Id:   Phone#:   Comments:
Type: **OTHER/LE OFFCR**
Address:

Printed On: 10/29/2019 14:08
Printed by: SANFORD\NSCHMITZ

| Region: S | CSA: S16 | Grid: | CJIS REPORT<br>**Sanford Police Department**<br>**Public Version** | For the public: **No** | Agency Report #<br>**2017CJ017665** |
|---|---|---|---|---|---|
| | | | | Juvenile: **No** | Event #: |
| Agency ORI: **FL0590500** | | | | Domestic Violence: **No**<br>Dating Violence: **No** | **20173042114** |

Name: **DEPARTMENT OF CHILDREN AND FAMILIES**   Contact: **ROBERTA MIRANDA**
Offense Indicator:   Other Id:   Phone#: **4075510206**   Comments:
Type: **OTHER/OTHER**
Address: **120 W PINEVIEW ST ALTAMONTE SPRINGS FL 32714**

Name: **RENAISSANCE RETIREMENT CENTER**   Contact: **DENISE STADLER**
Offense Indicator: **1**   Other Id:   Phone#: **407-323-7306**   Comments:
Type: **REPORTING-BUSINESS**
Address: **300 W AIRPORT BLVD SANFORD FL 32773**

Name: **Walker, Matthew**   Contact: **S3010 - Sanford Police Departm**
Offense Indicator:   Other Id:   Phone#:   Comments:
Type: **OTHER/LE OFFCR**
Address:

## NARRATIVES

| Rpt Date: **10/31/2017 17:07** | Reporter: **AYALA, RICARDO**   **A49160** | Clearance: Open | Nar Type: **O** |
|---|---|---|---|
| Mod By: **SANFORD\RAYALA** | Mod Date: **11/3/2017 08:48** | Related Case # | |

On 10/31/17, I responded to 300 W. Airport Blvd. in reference to assisting DCF, Roberta Miranda, on checking on a complaint.  I was informed by Miranda that she was there about a possible sexual battery on an elderly client, Addie Yandle.  I was advised that a employee, Octavious Davis, possible digitally penetrated Yandle. I also made contact with Denise Stadler, director at Renasissance. I asked Stadler if law enforcement was notified on the incident Miranda was there to investigate. Stadler stated that it occurred on 10/13/17, but was only made aware of it a few days ago. Stadler stated that Davis had been fired on 10/27/17, because of this allegation.   At this time I made contact with Sgt. Lopez and filled him in.  Sgt. Lopez advised me that investigations was notified.

Inv. Walker responded to scene. I updated Inv. Walker of the information that was relayed to me. Inv. Walker and Miranda jointly interview Mrs. Yandle and other personnel. At that time this scene was turned over to Inv. Walker.

Inv. Walker advised that an information report at this time will suffice.

I swear/affirm the above statements are true and correct:
Officer's Signature:

Sworn to and subscribed before me, the undersigned

authority, this _____ day of _____, in the year_____

AYALA, RICARDO   A49160
Name and Employee # (Printed)

Name/Title of Person Authorized to Administer Oath.

## ADMINISTRATIVE SECTION

Was Crime Scene Processed: **No**   Processed By:
Officer Reporting: **A49160 AYALA, RICARDO**   Officer Shift: **C**   Section: **S**   Unit: **S1713**   Date: **10/31/2017**
Reviewed By: **I48433 Lopez, Jose**   Review Date: **10/31/2017**   Routed to: **MAJCR**

Assigned To: **w25140 Walker, Matthew**   Assigned Date: **11/01/2017**   Assigned Dept: **S-INV**
Clearance: **Inactive**   Clearance Date: **12/01/2017**   Referred To:
Comments: **CJIS**

Exhibit 1

Printed On: 10/29/2019 14:08
Printed by: SANFORD\NSCHMITZ

♣
# H O L I D A Y
### RETIREMENT

# PERFORMANCE DOCUMENTATION

Name: O. Scott Davis                               Position: RA

Supervisor's Name: Jennifer Gest                  Date: 10/30/17

Has associate been previously counseled or disciplined?   ☐ Yes   (Date:            )   ☒ No

---

**Type of Discussion**

☐ Verbal Warning              ☐ Written Warning     ☐ Final Written Warning

☐ Suspension Pending Investigation     ☒ Termination

---

**Type of Infraction**

☐ Attendance              ☐ Unsatisfactory Performance

☒ Unsatisfactory Conduct     ☒ Policy Violation

☐ Other *Describe:*

---

*Exhibit 2*



EXHIBIT
A

**Facts or Events:** It was reported that on or around September 1, 2017 you entered the women's restroom and made sexually explicit comments to another associate. You continued to make inappropriate sexual comments while in the breakroom. Holiday prohibits any unwelcome conduct based on gender regardless of whether the offensive conduct is sexual in nature. According to US Equal Employment Opportunity commission or the EEOC, unwelcome sexual advances, requests for sexual favors, and other verbal, physical, or visual conduct based on sex constitute unlawful sexual harassment. This was not addressed earlier as this was just discovered on 10/27/17 through an internal investigation regarding the below matter.

On 10/13/17 while doing rounds you went into a resident's room and noticed she was having a bowel movement.  It was reported that you put your fingers into the resident's rectum while she was having the bowel movement and stated, "Oh it's normal, I'm working it out."  This behavior is inappropriate, is not within the scope of your position here, and is completely against Holiday policy and Resident Rights.

On 10/27/17 you stated that you did not feel you could call for assistance from the nurse and the nurse assured you that you could count on him.  It was noted that you then made the comment to the charge nurse that "you didn't give a Fuck if he was a nurse or not!"  Later during the night, the nurse requested assistance, you did not respond or acknowledge the request.  When asked why you didn't respond, your response was "I didn't want to!"  This type of behavior puts our residents at risk and is considered neglect.  Your supervisor asked you to clock out and go home but you refused until advised by the Health and Wellness Director to go home.

**Required Improvement(s): (Briefly state what associate must do to improve.)**
Respectful, professional conduct supports Holiday's mission, promotes productivity, minimized disputes and enhances our reputation.  The conduct that you have displayed in these instances is strictly prohibited and is a direct violation of our code and conduct.  Therefore, we are terminating your employment.

| refuel to sign | | Denise Stadler | 10/30/17 |
|---|---|---|---|
| **Associate's Signature** | **Date** | **Supervisor's Signature** | **Date** |

*Associate signature only acknowledges receipt of a copy of this notice and not necessarily agreement to as to the recommended action taken.*

Exhibit 2

## 2019  FOREIGN LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# M16000005297

**Entity Name:** MERIDIAN SENIOR LIVING, LLC

**FILED**
**Jan 31, 2019**
**Secretary of State**
**6122697929CC**

**Current Principal  Place of Business:**

6931 ARLINGTON ROAD
SUITE 320
BETHESDA, MD  20814

**Current Mailing Address:**

6931 ARLINGTON ROAD
SUITE 320
BETHESDA, MD  20814  US

**FEI Number:** NOT APPLICABLE

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL  32301-2525  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: _____

   Electronic Signature of Registered Agent                                                           Date

**Authorized Person(s) Detail :**

| | | | |
|---|---|---|---|
| Title | MEMBER | Title | MEMBER |
| Name | KANG, KACY | Name | CARLIN, KEVIN W. |
| Address | 6931 ARLINGTON ROAD SUITE 320 | Address | 6931 ARLINGTON ROAD SUITE 320 |
| City-State-Zip: | BETHESDA  MD  20814 | City-State-Zip: | BETHESDA  MD  20814 |

| | |
|---|---|
| Title | MEMBER, MANAGER |
| Name | MERISTAR HOLDINGS, LP |
| Address | 6931 ARLINGTON ROAD SUITE 320 |
| City-State-Zip: | BETHESDA  MD  20814 |

*Exhibit 3*

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: KACY KANG                                   MEMBER                    01/31/2019

   Electronic Signature of Signing Authorized Person(s) Detail                                        Date

Octavius Davis
P.O. Box 608871
Orlando, Florida 32860
480 209 0157

SEMINOLE COUNTY COURT IN
AND FOR THE EIGHTEENTH
JUDICIAL CIRCUIT

Octavius Davis

      Plaintiff,

-vs-

Denise Stadler et al,      Case No.

      Defendant,

PETITIONER'S NOTICE OF CONFIDENTIAL INFORMATION WITHIN

COURT FILING

      In pursuant to Florida Rule of Judicial Administration 2.420(d)(1)(B) Plaintiff Octavius' title document will be **(Exhibit 4)** and this entire document is confidential and highly significant in proving plaintiff's case.

Pro Se

*Octavius Davis*

[Pleading title summary] - 1

**Mission:**
To protect, promote & improve the health
of all people in Florida through integrated
state, county & community efforts.



**Florida HEALTH**

**Vision:** To be the Healthiest State in the Nation

**Rick Scott**
Governor

**Celeste Philip, MD, MPH**
Surgeon General and Secretary

December 17, 2018

**PERSONAL AND CONFIDENTIAL**

Octavius M. Davis, C.N.A.
4700 Solara Circle, Apt. 2030
Sanford, FL 32771

*Exhibit 4*

Re:  DOH vs. Octavius M. Davis, C.N.A.
     DOH Case Number: 2017-21618

Dear Mr. Davis:

Please be advised that on **November 30, 2018** the Probable Cause Panel for the Board of Nursing considered the complaint that has been filed against you in the above-referenced case. After careful review of all information and evidence obtained in this case, the Panel determined that probable cause of a violation does not exist and directed this case be closed.

Please note that Section 456.073(9)(c), Florida Statutes, states, "In any disciplinary case for which probable cause is not found, the department shall so inform the person who filed the complaint and notify that person that he or she may, within 60 days, provide any **additional** information which may be **relevant** to the decision."

Because this case was dismissed without a finding of probable cause, the investigative file remains confidential and exempt from the Florida Sunshine Law, detailed in Chapter 119, pursuant to Section 456.073(10), Florida Statutes.  Information about the complaint will not be disclosed to the public without your written permission.

Thank you for your patience and consideration during the investigation of this matter.

Sincerely yours,

*/s/ Ann L. Prescott*

Ann L. Prescott
Assistant General Counsel

ALP/nn

**Florida Department of Health**
Office of the General Counsel – Prosecution Services Unit
4052 Bald Cypress Way, Bin C-65 • Tallahassee, FL 32399-3265
EXPRESS MAIL: 2585 Merchants Row, Suite 105
PHONE: 850/245-4640 • FAX: 850/245-4662
FloridaHealth.gov

PHAB  **Accredited Health Department**
Public Health Accreditation Board